F. W. MYERS & CO. v. UNITED STATES.

(Circuit Court, D. Vermont. March 21, 1910.)

No. 95 (2,078).

CUSTOMS DUTIES (§ 44*)—CLASSIFICATION—GROUND CORUNDUM ORE—"MANU-FACTURED SAND"—"CRUDE MINERAL."

Ground corundum ore, that has been advanced in value by processes of manufacture for a specific use, is not a "crude mineral," within the meaning of Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 614, 30 Stat. 199 (U. S. Comp. St. 1901, p. 1685), nor "manufactured sand," within the meaning of paragraph 671, 30 Stat. 1688 (U. S. Comp. St. 1901, p. 201), but is dutiable as emery by similitude, under section 1, Schedule N, par. 419, 30 Stat. 191 (U. S. Comp. St. 1901, p. 1674).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*
For other definitions, see Words and Phrases, vol. 2, p. 1764.]

On Application for Review of a Decision by the Board of United States General Appraisers.

Walden & Webster (Henry J. Webster, of counsel), for importers.
D. Frank Lloyd, Asst. Atty. Gen. (William A. Robertson, Sp. Atty., of counsel), for the United States.

MARTIN, District Judge. The merchandise in question is ground corundum ore. It is the very same article that was before the court between the same parties and decided by the Circuit Court of Appeals for this circuit. 163 Fed. 53, 89 C. C. A. 284. It is now claimed by the importer that in the former case his sole contention was that the article in question is manufactured sand, and free under paragraph

671, and that he then omitted to call the attention of the court to paragraph 614, which places crude minerals on the free list.

The evidence in both cases agrees that corundum is "alumina, or the oxide of the metal aluminum," used for the same purposes as emery, and is the same thing as emery, except with less impurity. It is apparent to me that, had the court's attention been called to paragraph 614 in the former case, the decision would have been the same, for the court says in that case:

"It was properly assessed for duty as emery under the similitude clause, unless the importer's contention that it actually is sand be correct. * * * The decision of this case, however, does not require us to accurately define the word 'sand.' We are rather called upon to say what it does not include. as used in the tariff act, than what it does include."

The court held that corundum was not on the free list, under paragraph 671, as manufactured sand.

To my mind corundum comes nearer being a manufactured sand, and free under paragraph 671, than a crude mineral, which is free under paragraph 614. The evidence shows that its preparation was such that it had passed out of its crude condition. It has been advanced in value by processes of manufacture for a specific use.

It is apparent that in the case supra the court construed corundum as a similitude of emery, and if that construction takes it out of the free list under paragraph 671 it equally removes it from the provisions of paragraph 614. . I hold that it is not covered by either paragraph.

The decision of the Board of General Appraisers is affirmed.